**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**TIMOTHY E. AGEE,**

Petitioner,

v.

**BUREAU OF PRISONS,**

Respondent.

Civil No. 00-816 (DSD/JGL)

**REPORT & RECOMMENDATION**

Timothy E. Agee, pro se.

Michael W. Ward, Esq., Assistant United States Attorney, for Respondent.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner Timothy E. Agee's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Petitioner Agee is a federal prisoner currently serving a 144-month sentence at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca") for conspiracy to distribute and possession with intent to distribute cocaine base. Petitioner has filed a petition for writ of habeas corpus pursuant

10

FILED 1-10-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP")[1] erroneously determined he was not eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). A petition for habeas corpus relief is appropriate when a prisoner challenges the length or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). While Mr. Agee lists three purported grounds for his petition, all three relate to the same claim: the BOP wrongfully construing his prior state conviction for aggravated misdemeanor assault as an aggravated assault as contemplated by § 3621, thereby rendering him ineligible for early release. In 1987, Petitioner Agee was convicted of aggravated misdemeanor assault in Iowa.

Title 18 U.S.C. § 3621 establishes statutory authority for residential drug abuse treatment programs administered by the BOP and includes an incentive provision reducing an inmate's sentence upon successful completion of such a program. See 18 U.S.C. § 3621(e)(2)(B). The provision gives the BOP discretion to reduce the period of incarceration by not more than one year and applies only to prisoners convicted of nonviolent offenses. See id. The statute does not define "nonviolent offenses"; however, Congress intended for the BOP to base sentence reductions on established and "uniformly applied"

---

[1] In the Petition, Mr. Agee names the Bureau of Prisons as Respondent. The proper Respondent in a habeas proceeding is the custodian of the inmate, the Warden of the facility where the prisoner is incarcerated. See Braden v. 30th Judicial Circuit, 410 U.S. 484, 495 (1973); Cobb v. Wyrick, 379 F. Supp. 1287, 1297 n.2 (D. Mo. 1974). In the Response to Mr. Agee's Petition, the BOP acknowledges the Warden of FCI-Waseca, R. L. Stiff, should be substituted as the proper Respondent, and the Court will order the substitution.

criteria. See H.R. Rep. 103-320, 103rd Cong., 1st Sess. (1993). Accordingly, the BOP promulgated 28 C.F.R. § 550.58, which provides in part that an inmate with a prior felony or misdemeanor conviction for aggravated assault is not eligible for a § 3621(e)(2)(B) sentence reduction. See 28 C.F.R. § 550.58(a)(1)(iv).

In the Supplementary Information section of 28 C.F.R. § 550 et seq., the BOP explained:

> In exercising the Bureau's discretion in reducing a sentence, the Bureau shall also review the criminal history of the inmate contained in the Presentence Investigation Report, and any inmate with a federal and/or state conviction for homicide, forcible rape, robbery, or aggravated assault shall also be excluded from consideration. Because state convictions may show a considerable range in the degree of violence used in the offense, the Bureau has chosen to use the above cited categories of crimes, which are reported under the FBI Violent Crime Index, as the sole determinant of violence in the criminal history.

60 Fed. Reg. 27,692 (1995). Furthermore, the BOP adopted Program Statement No. 5330.10, which restated § 550.58 and directed treatment program administrators to determine early release eligibility for prisoners with past offenses by reviewing the inmate's Presentence Investigation Report or the FBI Rap Sheet to reveal any prior state or federal convictions for robbery, forcible rape, aggravated assault, or homicide. See Program Statement No. 5330.10 (May 25, 1995).

The Federal Bureau of Investigations' Violent Crime Index defines aggravated assault:

> an unlawful attack by one person upon another for the purpose of inflicting severe or aggravated bodily injury. This type of assault is usually accompanied by the use of a weapon or by means likely to produce death or great bodily harm. Attempts are included since it is not necessary that an injury result when a gun, knife, or other weapon is used which could and probably would result in serious personal injury if the crime were successfully completed.

F.B.I. Uniform Crime Reports, quoted in Zacher v. Tippy, 202 F.3d 1039, 1043 n.4 (8th Cir. 2000); (Resp. Ex. D).

Petitioner Agee completed a residential substance abuse treatment program at the Federal Medical Center in Rochester, Minnesota. However, the BOP determined that Mr. Agee was not eligible for a sentence reduction because of his prior conviction for aggravated misdemeanor assault in Iowa. Iowa statutory law defines assault in relevant part:

> 1. Any act [committed without justification] which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
> 2. Any act [committed without justification] which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

Iowa. Stat. § 708.1. An assault is classified as an aggravated misdemeanor when the above conduct is accompanied by an "intent to inflict a serious injury upon another." Id. § 708.2.

In the present case, the BOP determined that the Iowa definition of aggravated misdemeanor assault fell squarely within the FBI Violent Crime

Index definition, thereby precluding Petitioner Agee from early release. However, Petitioner contends that the BOP erred by comparing the Iowa statutory definition with the FBI Violent Crime Index definition, asserting that the BOP instead should have compared his specific offense conduct with the FBI definition. In particular, Mr. Agee avers in his case, there was no intent to inflict severe bodily injury and no weapon was used. Thus, argues Mr. Agee, his prior assault conviction does not meet the FBI Index definition of aggravated assault. For his argument, Mr. Agee cites Zacher v. Tippy, 202 F.3d 1039 (8th Cir. 2000).

In response, the BOP concedes that it looked only to the statutory definition of the prior crime of conviction to determine whether it meets the FBI Index definition; it does not "retry" the individual's particular conduct. The BOP maintains that measuring the statutory definition against the FBI definition to determine whether an offense is violent is allowed by its regulations and is within its discretion.

In Zacher v. Tippy, 202 F.3d 1039 (8th Cir. 2000), the Eighth Circuit upheld the BOP's interpretation of § 3621(e)(2)(B) and the implementing regulations where the BOP had denied the petitioner a sentence reduction because of his prior conviction for misdemeanor aggravated assault. See id. at 1041, 1044. The Eighth Circuit accepted the BOP's promulgation of § 550.58 and Program Statement No. 5330.10, and its reliance on the FBI Index definitions, ultimately concluding that petitioner Zacher's prior state conviction

for assault was "on its face" the type of conviction contemplated by § 550.58 and the Program Statement No. 5330.10. See id. at 1045 & n.6.

Petitioner Agee founds his argument on a footnote in the Zacher opinion in which the court mentioned Zacher's particular offense conduct. See id. at 1045 n.6. This Court recognizes that the Zacher court alluded to his individual conduct; however, the Court finds Zacher's particular conduct was not essential to the decision. First, the Eighth Circuit held his prior California assault conviction met the FBI Index definition "on its face," without considering Zacher's particular conduct, which alone was sufficient to support the BOP's decision. See id. at 1045. Second, both Zacher's conduct and the statutory definition of the prior crime satisfied the FBI Violent Crime Index definition. See Zacher, 202 F.3d 1039, 1045 & n.6 (8th Cir. 2000); Zacher v. Tippy, 31 F. Supp. 2d 690, 692 (D. Minn. 1998) (Doty, J.). Thus, the Zacher courts were not required to consider the precise issue in the case before this Court: whether the BOP abused its discretion in comparing only the statutory and FBI definitions where the particular offense conduct possibly does not satisfy the FBI Index definition.

The Court can find no precedent requiring the BOP to "re-try" an inmate by measuring his particular offense conduct against the FBI definition. Mr. Agee was convicted of aggravated assault in Iowa, and the statutory definition of that crime was measured against the FBI definition. The Court finds that the relevant regulations require only that the BOP compare the

statutory definition of the crime with the FBI Violent Crime Index definition. See Supplementary Information, 60 Fed. Reg. 27,692. The BOP should look to the inmate's Presentence Investigation Report or Rap Sheet only to determine whether there has been a conviction of a violent crime, not to discern the details of the crime. See id. Courts in other jurisdictions have held that the BOP must not look at the particular offense conduct when deciding whether a prior conviction amounts to a violent crime as defined by the FBI Index. See LaFrance v. Wands, No. CV 99-9501-NM, 2000 WL 246275, at *4 n.2 (C.D. Cal. Feb. 29, 2000) (citing Byrd v. Crabtree, 22 F. Supp. 2d 1128, 1130 (D. Or. 1998)); Byrd, 22 F. Supp. 2d at 1130 (precluding the BOP from engaging in any fact-finding when making an early release eligibility determination).

In addition, 18 U.S.C. § 3621(e)(2) gives the BOP broad discretion to determine which inmates are eligible for a sentence reduction. See Bellis v. Davis, 186 F.3d 1092, 1094 (8th Cir. 1999) (citing Love v. Tippy, 133 F.3d 1066, 1069 (8th Cir. 1998)), cert. granted sub nom. Lopez v. Davis, 120 S. Ct. 1717 (2000). The Eighth Circuit in Bellis specifically recognized the BOP's authority to make categorical, rather than individual, assessments of eligibility. See id. (endorsing the BOP's decision to exclude certain categories of inmates from release eligibility as a "manifestly permissible construction of the statute and an appropriate exercise of the BOP's discretion.").

Accordingly, in this case, the Court finds that the BOP did not abuse its discretion by measuring the Iowa statutory definition of aggravated

assault against the FBI Index definition rather than comparing Petitioner Agee's particular conduct with the FBI definition, even though Mr. Agee's specific conduct in committing the assault may not have satisfied the FBI definition. The Court therefore recommends that Mr. Agee's petition for writ of habeas corpus be denied.[2]

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

(1) Petitioner Timothy Agee's Petition for a Writ of Habeas Corpus (Doc. No. 1) should be **DISMISSED**; and

(2) The Bureau of Prisons should be dismissed as Respondent and replaced with R.L. Stiff, Warden at the Federal Correctional Institute in Waseca, Minnesota.

Dated: January 10, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

---

[2] Petitioner Agee does not allege that the Iowa definition of aggravated misdemeanor assault is different than the definition of aggravated assault in the FBI Violent Crime Index, nor that the BOP's interpretation of § 3621(e)(2)(B) violates the United States Constitution. The Court therefore will not address these issues.

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by Jan. 29, 2001, with a copy of written objections which specifically identify the portions of the Report or Recommendation to which objection is being made, the basis for the objection(s), and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.